UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WENG LONG LIU ET. AL.

                Plaintiffs,

            v.

RONG SHING, INC.,

                Defendant.

12 Civ. 7136

**OPINION**

---

Plaintiffs, a group of service employees, bring this civil action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs have filed suit on behalf of themselves and all service employees who worked for defendants, owners of Suzie's Finest Chinese Cuisine ("Suzie's Finest"). Plaintiffs allege that defendants failed to pay proper minimum wages, overtime premiums, and spread-hours premiums. Plaintiffs seek to recover their unpaid wages.

In the present, unopposed motion, plaintiffs request that the court (1) conditionally certify this action as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA, (2) authorize the issuance of plaintiffs' proposed notice to

all potential class members and (3) order defendants to provide contact information for all persons employed by defendants since September 21, 2009.

The court should grant plaintiffs' motion in its entirety.

## Background

The following facts are drawn from the complaint and assumed to be true for purposes of the motion.

Plaintiffs were service employees at "Suzie's Finest," a restaurant located in the West Village neighborhood of New York City.  Defendants owned and operated the restaurant.  Plaintiffs worked as waiters, kitchen staff, and delivery persons.  The restaurant is no longer operational.

During the course of their employment, plaintiffs were paid on a monthly basis.  Plaintiffs did not receive hourly wages and regularly worked over 65 hours a week.  They were not paid the minimum wage for all hours worked and were not paid the proper overtime premiums.  Additionally, defendants did not pay plaintiffs the spread-hours premium, which amounts to an extra hour's pay at the basic minimum wage during each day that an individual plaintiff worked over ten hours.  Defendants did not keep records of plaintiffs' work hours.

Originally, two plaintiffs—Weng Long Liu and Jian Xing Weng—filed suit against defendants.  Since the filing of the complaint, eight more former employees joined this action by filing consents to sue under 29 U.S.C. § 216.

These additional plaintiffs also allege that Suzie's Finest failed to pay proper minimum wages, overtime wages, and spread-hours premiums.

Plaintiffs have personal knowledge, based on conversations that they have had with co-workers, that all service employees at Suzie's Finest were subject to the same unlawful employment practices.

**Discussion**

**Class Certification**

In order to satisfy the standard for conditional class certification pursuant to § 216(b) of the FLSA, plaintiffs must make a modest factual showing that they were victims of a common policy or plan that violated the law. See Amendola v. Bristol-Myers Squibb Co., 558 F. Supp. 2d 459, 467 (S.D.N.Y. 2008). Plaintiffs may meet this lenient standard by offering allegations of a factual nexus between them and their employer's alleged FLSA violations.  See Diaz v. S & H Bondi's Dept. Store, No. 10 Civ. 7676 (PGG), 2012 WL 137460, at *3 (S.D.N.Y. Jan. 18, 2012).  Plaintiffs may satisfy their minimal burden by relying on their own pleadings and affidavits, or the affidavits of other potential class members. Id.

In reviewing plaintiffs' request for conditional class certification, the court need not evaluate the underlying merits of plaintiffs' claims. See Indergit v. Rite Aid Corp., Nos. 08 Civ. 9361 (PGG), 08 Civ. 11364 (PGG), 2010 WL 2465488, at *4 (S.D.N.Y. Jun. 16, 2010).  Plaintiffs' burden is minimal because

3

the determination that the parties are similarly situated is merely a preliminary one, and that determination may be modified or reversed after discovery. Id. (citing Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006)).

Plaintiffs have met the lenient standard for conditional class certification set forth in § 216(b) of the FLSA.  Through their pleadings and affidavits, plaintiffs have made a sufficient factual showing that they were victims of a common policy or plan that violated the FLSA.  Namely, plaintiffs have demonstrated that defendants failed to provide the service employees at Suzie's Finest with minimum wage payments, overtime payments, and spread-hours payments.

Accordingly, the court conditionally certifies plaintiffs as a class under § 216(b) of the FLSA.

**Notice to former employees**

After conditionally certifying a group of FLSA plaintiffs, a court has discretion to implement § 216(b) by facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to join the litigation as represented class members.  See Myers v. Hertz Corp., 624 F. 3d 537, 554 (2d Cir. 2010).  Notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and sets cutoff dates to expedite the disposition of the action. See Fernandez v. Wells Fargo Bank N.A., Nos. 12 Civ. 7193 (PKC), 12 Civ. 7194 (PKC), 2013 WL 4540521, at *16 (S.D.N.Y. Aug. 28, 2013).   Moreover, by

allowing for the provision of notice early in the litigation, courts help facilitate the FLSA's broad remedial purpose. See Hoffmann v. Sbarro, Inc., 982 F.Supp. 249, 262 (S.D.N.Y. 1997).

Plaintiffs have submitted a proposed notice to the court.  Plaintiffs request that the court authorize the notice and allow plaintiffs to send the notice to all waiters, delivery persons, and kitchen workers employed by defendants since September 21, 2009.  The notice provides the following description of the litigation:

> The Class Representatives allege that Suzie's Finest Chinese Cuisine did not pay its employees for all hours worked, including overtime, did not pay an additional hour's pay at the minimum wage for each day during which employees worked more than 10 hours, and did not keep accurate records of hours worked and wages paid.  The lawsuit seeks money owed in back wages, additional damages known as 'liquidated damages,' interest, attorneys' fees, and costs.

The notice advises all potential plaintiffs that they may join the current lawsuit against Suzie's Finest and that if they elect to join the litigation, then they must fill out a consent form, which is included in the notice mailing, and send the completed form to plaintiffs' counsel.  The notice also advises potential plaintiffs that in the event that they elect not to join the litigation, they will not be bound by any judgment or settlement in the case.

The court approves the proposed notice.

**Notice Period**

Under the FLSA, there is a three-year statute of limitations to remedy willful violations of the statute.  29 U.S.C § 255(a).  Thus, courts allow the representative class members to send notice of the litigation to potential plaintiffs employed by the defendants within either three-years of the date of the order granting conditional class certification or of the mailing of the notice. See Chhab v. Darden Restaurants, Inc., No. 11 Civ. 8345 (NRB) 2013 WL 5308004, at *15 (S.D.N.Y. Sept. 20, 2013).  However, courts will often allow for equitable tolling of the statute of limitations and permit notice to be keyed to the three-year period prior to the filing of the complaint, rather than to the three-year period prior to the order granting conditional certification or to the mailing of the notice. See Winfield v. Citibank, N.A., 843 F. Supp. 2d 397, 410 (S.D.N.Y. 2012).  This decision to toll the statute of limitations is made with the understanding that challenges to the timeliness of individual plaintiff's action may be entertained at a later date. Id.

In this case, plaintiffs request that the court toll the statute of limitations and allow the notice period to be keyed to the three-year period prior to the filing of their complaint.  Plaintiffs filed their complaint on September 21, 2012 and, thus, request that the court allow for court-authorized notice to be provided to all former employees at Suzie's Finest who worked at the restaurant since September 21, 2009.

The court allows for the equitable tolling of the statute of limitations and permits plaintiffs to provide notice to employees who worked at defendants' restaurant at any time since September 21, 2009.

**Disclosure of employee information**

Finally, plaintiffs seek expedited disclosure by defendants of the names, last known addresses, mailing addresses, alternate addresses, email addresses, telephone numbers, dates of employment, and social security numbers of all potential plaintiffs to the collective action so that plaintiffs may send them the proposed notice and consent form.  Numerous courts have found that discovery of such information is appropriate. See e.g. Darden Restaurants, Inc., 2013 WL 5308004, at *17 (citing Raniere v. Citigroup Inc., 827 F. Supp. 2d 294, 327 (S.D.N.Y. 2011)).

The court therefore directs defendants to produce the names, dates of employment, last known addresses, phone numbers, and email addresses of all potential plaintiffs who have worked at Suzie's Finest since September 21, 2009 to plaintiffs' counsel by April 18, 2014.

Additionally, after plaintiffs have received the requested information from defendants, the notice and consent form shall require potential plaintiffs to consent to join the collective action within 60 days of the notice mailing date. See Darden Restaurants, Inc., 2013 WL 5308004, at *16.  Most courts in this district have found that in a FLSA collective action, a 60-day period for

potential plaintiffs to join the litigation is sufficient. Id., (citing Diaz v. S & H Bondi's Department Store, No. 10 Civ. 7676 (PGG), 2012 WL 137460, at *8 (S.D.N.Y. Jan. 18, 2012). If a potential plaintiff does not complete and send to plaintiffs' counsel the consent form during the 60-day period, then the potential plaintiff will not be a member of the collective action. All potential class members who do not join the collective action will not be bound by any judgment in this case and will retain all rights against Suzie's Finest.

## Conclusion

The court (1) conditionally certifies this action as a collective action pursuant to § 216(b) of the FLSA, (2) authorizes the issuance of plaintiffs' proposed notice to all potential members of the collective action (3) and orders defendants to provide contact information for all persons employed by defendants since September 21, 2009.

This order resolves item number 22 on the docket.

SO ORDERED.

Dated: New York, New York
       March 26, 2014

Thomas P. Griesa
United States District Judge

8

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/14